THOMAS BARTKOWIAK, Appellee, *vs.* MARTIN MALINOWSKI, Appellant.

*Opinion filed October 26, 1912.*

This case is controlled by the decision in *People* v. *Harrison,* (*ante,* p. 102.)

APPEAL from the Superior Court of Cook county; the Hon. M. M. GRIDLEY, Judge, presiding.

S. P. DOUTHART, (BERNHARDT FRANK, of counsel,) for appellant.

OTTO H. BEUTLER, for appellee.

WILLIAM H. SEXTON, Corporation Counsel of the city of Chicago, as *amicus curiæ.*

Per CURIAM: Appellee, Thomas Bartkowiak, filed his bill in the superior court of Cook county against Martin Malinowski, appellant, to compel the specific performance of a contract and for injunction. The bill alleged that in February, 1908, appellee was conducting a saloon in the city of Chicago on premises owned by himself; that he leased the premises for a period of three years to appellant and sold him his stock of wines, liquors, etc.; that because of the restrictions placed upon the issuance of saloon licenses in the city of Chicago at that time, the right to a

re-issue or renewal of a license was of great value; that it was agreed, in writing, between appellant and appellee that during the term of the lease the saloon license that had theretofore been issued to appellee should be assigned to appellant, together with the right to its re-issue, and that appellant would, upon the expiration of the term of the lease, re-assign to appellee the right to the renewal and re-issue of the license. The bill then alleges that upon the termination of the lease appellant refused to assign to appellee the license and the right to the renewal thereof, and that he threatened to sell and assign the same to some person other than appellee. The bill prayed for specific performance of the contract, and that appellant be restrained from selling, assigning or otherwise disposing of the right to the renewal or re-issue of the license to any other person than appellee. A decree was entered requiring appellant to transfer the privilege to appellee and perpetually enjoining him from transferring the privilege to any person other than appellee. The case was appealed to this court.

The validity of an ordinance limiting the issuance of dram-shop licenses in the city of Chicago, passed June 25, 1906, is questioned. The validity of this ordinance was passed on in *People* v. *Harrison,* (*ante,* p. 102,) where the two sections involved are set out. The questions raised here as to the validity of the ordinance are identically the same as those determined there, and it would serve no good purpose to repeat here what was said in that case. For the reasons there given the ordinance is invalid so far as it attempts to give a right of renewal to the licensee or his assignee, and the decree of the superior court must be reversed.

Appellee insists that as both parties have acted upon the assumption that the privilege assigned by appellee to appellant was, in fact, a right or privilege of real value, and the assignment having been made without consideration and

upon the express condition that the privilege assigned should revert to the appellee at the end of three years, the appellant is now estopped from denying that such privilege does not, in fact, exist, and for that reason the decree should be affirmed. No such right or privilege did, in fact, exist, and any re-assignment of this right on the part of appellant would be useless and of no effect. Appellant is not estopped from insisting that he should not be compelled to do a useless thing.

The decree of the superior court is reversed.

*Decree reversed.*