P. Karen, L. Karen and Mendel Mandel, Appellees, v. Bartholomae & Roesing Brewing and Malting Company, Appellant.

## Gen. No. 20,898.

1. CONTRACTS, § 129*—*when contract void.* A contract made in violation of statute is void, and when a plaintiff cannot establish his cause of action without relying on an illegal contract he cannot recover.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.   Intoxicating liquors, § 52*—*when party cannot claim right of action for breach of contract to assign license.* An action for damages for breach of an alleged contract to reassign rights to the renewal or reissuance of a dramshop license, based on an invalid ordinance attempting to give a right of renewal to the licensee or his assignee, cannot be maintained, since the contract based on the invalid ordinance is void as against the statute, and in such case neither the exercise of official discretion nor a practice in renewing such licenses could form the basis of a contract right.

Appeal from the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed October 5, 1915.

Winston, Payne, Strawn & Shaw, for appellant; George A. Kelly, of counsel.

Sabath, Stafford & Sabath, for appellees.

Mr. Justice Barnes delivered the opinion of the court.

This is an action brought against appellant by appellee for damages for breach of an alleged contract to reassign the ''rights to the renewal or reissuance of a dramshop license'' issued by the city of Chicago. The jury returned a verdict for $2,500. This appeal seeks reversal of the judgment entered thereon.

Appellees alleged that they were the owners of a license to conduct a dramshop in certain premises in Chicago; that by virtue of an ordinance under which said license was issued, they had a right to have it renewed or reissued to them for an additional term, and the right to assign such right of renewal or reissuance to some other person; that they made a contract with appellant whereby they assigned such right to appellant as security for the performance of certain obligations and whereby appellant, on performance of the same, was to reassign to them said rights, and that appellant refused to reassign them on demand and fulfillment of their obligations. Over defendant's objec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Karen et al., v. Bartholomae & Roesing Brewing and Malting Co., 195 Ill. App. 21.

tions proof of said ordinance, known as the Harkins ordinance, which attempts to confer the right of renewal or reissue of a license, was received and also proof of the commercial or market value of such rights in the city of Chicago, based on the custom or practice of the mayor to recognize such rights.

But it is a settled question in this State that there is no such right as that alleged to be the subject-matter of the contract, and upon the existence of which the cause of action depends. It was held in *People v. Harrison*, 256 Ill. 102, that the ordinance in question was invalid so far as it attempts to give a right of renewal to the licensee or his assignee, on the ground that it, in effect, authorized the issuance of a license to continue indefinitely contrary to public policy as expressed in the Dramshop Act prohibiting the issuance of a license to extend beyond the municipal year in which it may be granted.

The same questions are presented here that were raised in *Bartkowiak v. Malinowski*, 256 Ill. 119. There a decree to compel a specific performance of an agreement to reassign the right to the renewal and reissuance of a saloon license was reversed because said ordinance was held to be invalid so far as it attempted to confer such a right. There, as here, it was insisted that said right was a privilege of real value, but the court said: "No such right or privilege did, in fact, exist and any reassignment of this right * * * would be useless and of no effect." In view of this language, we think that the contention that such right was one of value because it was recognized by the custom and practice of the mayor of the city of Chicago is wholly untenable. Whether in all cases showing such practice there was a due exercise of a sound discretion we cannot tell, but it was not obligatory on the mayor to recognize such a practice, and the fact that new licenses have been issued to the same parties or

their assignees for the same premises, under the circumstances then existing, may have been entirely consistent with the exercise of a proper discretion. But whether so or not, neither the exercise of official discretion nor a practice contrary to public policy can form the basis of a contract right.

It is manifest, therefore, that not only the alleged right which forms the basis of this suit never existed, but that the contract, so far as it rested on the invalid provisions of the ordinance, was void as against the statute (*Penn v. Bornman,* 102 Ill. 523), and gave no cause of action (*Bishop v. American Preservers' Co.,* 157 Ill. 284; *Ellison v. Adams Exp. Co.,* 245 Ill. 410; *McMullen v. Hoffman,* 174 U. S. 639). As said in the *Bishop* case, *supra:* "The general rule of law is that a contract made in violation of a statute is void, and that when a plaintiff cannot establish his cause of action without relying upon an illegal contract, he cannot recover."

As plaintiff cannot recover in law, defendant's motion for a directed verdict should have been, granted, and the judgment will be reversed.

*Reversed.*